THE STATE v. SOL MORGAN, Appellant.

Division Two, June 1, 1912.

1. **APPEAL: No Bill of Exceptions: Dismissal.** Though there is no bill of exceptions, yet if the record proper has been lodged in the appellate court and the docket fee paid, the appeal will not be dismissed.

2. ———: ———: **Record Proper: Motion for New Trial.** The motion for a new trial does not prove itself, and it is not a part of the record proper; and though it accompanies a transcript of the record, yet it will not be considered by the appellate court, if there is no bill of exceptions.

3. ——: ——: **On Record Proper.** Where there is no bill of exceptions, but only a transcript of the record. proper, and the information properly charges defendant of murder in the first degree and the judgment and verdict show he was convicted of manslaughter in the fourth degree, and the arraignment, verdict, allocution and judgment are in due form, the judgment will be affirmed.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

AFFIRMED.

*Elliott W. Major,* Attorney-General, and *John M. Dawson,* Assistant Attorney- General, for the State.

(1)    The State files its motion to dismiss appeal, and bases same upon, the provisions of Sec. 5313, R. S. 1909. The transcript in this case was filed with the clerk of this court on March 1, 1912. The appeal was granted by the circuit court of Dunklin county to this court on August 16, 1910. The statute provides that if any person convicted of a felony other than being sentenced to suffer death, and appeal is taken to this court, he shall perfect his appeal within twelve months from the time said appeal is granted, otherwise his appeal shall be dismissed on motion of the Attorney-General. To perfect this appeal, as used in the statute, means the placing of the cause in the appellate court for review. 4 Ency. Law, pp. 13-15; In re Chambers, 2 Pac. (Kan.) 649; State v. Tiessedre, 2 Pac. (Kan.) 650; Dold v. Robertson, 9 Pac. 304; State v. Case, 37 Pac. 97; Greenwoods Co. v. New Hartford, 65 Conn. 464. (2)    The information contains all the necessary elements to constitute murder in the first degree. It is in a form often approved by this court, and is valid and sufficient, and no complaint was made to it in the court below. State v. Barker, 216 Mo. 532; State v. West, 202 Mo. 128; State v. Long, 209 Mo. 366; State v. Horn, 204 Mo. 528; State v. Gleason, 172

Mo. 259; State v. Zorn, 202 Mo. 45; State v. Turlington, 102 Mo. 651; State v. Wilson, 172 Mo. 428; State v. Gregor, 178 Mo. 56; State v. Gray, 172 Mo. 435. (3) Where no bill of exceptions is filed and the record proper is free from error, the judgment will be affirmed. State v. Miller, 209 Mo. 389; State v. Brown, 206 Mo. 718; State v. Roberts, 219 Mo. 720.

BROWN, P. J.—On a charge of murdering one Frank Farrar in Dunklin county, defendant was convicted of manslaughter in the fourth degree in the circuit court of that county, and appeals from a judgment fixing his punishment at two years in the penitentiary.

Appeal was granted August 16, 1910; but no bill of exceptions was filed, and no showing made why this important feature of the appeal was omitted.

The Attorney-General has filed a motion to dismiss the appeal, but as the docket fee has been paid and the record proper is before us, we will overrule the motion to dismiss.

Copy of defendant's motion for new trial accompanies the record proper; but such motion does not prove itself, and in the absence of a bill of exceptions, cannot be considered. [State v. Boyer, 179 Mo. 286.]

We have diligently examined the record proper; and find that the information properly charges the defendant with the crime of murder in the first degree; the arraignment, verdict, allocution and judgment are in due form. The judgment will be affirmed.

*Ferriss* and *Kennish, JJ.,* concur.